UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re:<br>KENYON KELLEY,<br><br>        Debtor.<br>_____<br>JAMES J. O'HAGAN,<br><br>        Plaintiff/Appellant,<br>   v.<br>NORTHWEST FARM CREDIT SERVICES, FLCA, a corporation; MORGAN HILL P.C.; ROBERT M. HILL; PATRICK W. RAWNSLEY; SCOTT KILPATRICK; RUSSELL GARRETT; GREGORY URSICH; AMERICAN EQUITIES, INC.,<br><br>        Defendants/Appellees. | Case No. C06-5080RJB<br><br>Bankruptcy Appeal No. 06-T001<br><br>Bankruptcy Case No. 00-35769<br><br>Adversary Case No. 04-04253PBS<br><br>ORDER GRANTING DEFENDANT/APPELLEES MORGAN HILL P.C., ROBERT M. HILL, AND PATRICK W. RAWNSLEY'S MOTION TO DISMISS APPEAL AS UNTIMELY |

This matter comes before the court on Defendant/Appellees Morgan Hill P.C., Robert M. Hill, and Patrick W. Rawnsley's Motion to Dismiss Appeal as Untimely. Dkt. 7. The court has considered the motion and the remainder of the file herein.

PROCEDURAL BACKGROUND

Mr. James J. O'Hagan (appellant) appeals the granting of summary judgment and dismissal of an adversary case by the bankruptcy court.

ORDER
Page - 1

1  On November 9, 2005, the Bankruptcy Court entered an order in Adversary Proceeding Case No. 04-04253, granting the Hill Appellees' Motion for Summary Judgment. On December 22, 2005, the Bankruptcy Court entered Judgment of Dismissal as to All Claims and All Parties (the Dismissal Order). The Dismissal Order stated that it was a final judgment pursuant to Fed.R.Bank.P. 7054(a) and Fed.R.Civ.P. 55(b). The Bankruptcy Court served appellant with a copy of the Dismissal Order, via first class mail, on December 24, 2005. On January 18, 2006, appellant filed a notice of appeal.

## MOTION TO DISMISS

On February 21, 2006, appellees Morgan Hill PC, Robert M. Hill, and Patrick W. Rawnsley filed a motion to dismiss the appeal as untimely. Dkt. 7. These appellees contend that (1) Fed.R.Bank.P. 8002(a) requires that a notice of appeal be filed with the clerk within ten days from the date of entry of the judgment, order, or decree appealed from; (2) the ten day period begins to run from the date of the order's entry, not from the date of service; (3) appellant does not qualify for the narrow exception provided in Fed.R.Bank.P. 8002(c)(2) for extending the time period for filing of the appeal; (4) the notice of appeal filed by appellant on January 18, 2006 was not timely filed; and (5) this court lacks jurisdiction to consider the appeal. Dkt. 7.

On March 2, 2006, appellee Northwest Farm Credit Services, FLCA (FCS), filed a response, concurring in the motion to dismiss, and requesting that the court dismiss the appeal as to NFCS as well as to all appellees. Dkt. 10.

On March 8, 2006, appellant filed a response, opposing the motion to dismiss. Dkt. 19. Appellant states that (1) he received the final order from which he is appealing on December 29, 2005, and mailed his notice of appeal on January 17, 2006, nineteen days after he received notice of the final order; (2) Fed.R.Bank.P. 8002(c) provides that a bankruptcy judge may extend the time for filing an appeal, and the orders at issue are orders that qualify for an extension of time; (3) granting an extension of time to file an appeal is within the discretion of the court; and (4) in this case, permitting the appeal to proceed would result in a just, speedy, and inexpensive determination of the case. Dkt. 19.

On March 13, 2006, FCS filed a reply to appellant's response. Dkt. 15. FCS contends that the appeal was not timely filed pursuant to Fed.R.Bank.P. 8002(a), and appellant did not file for an extension

ORDER
Page - 2

1 within the time allowed pursuant to Fed.R.Bank.P. 8002(c)(2). FCS argues that this appeal should be
2 dismissed because the court lacks jurisdiction over the appeal.

3 DISCUSSION

4 Fed.R.Bank.P. 8002(a) provides that a "notice of appeal shall be filed with the clerk within 10 days
5 of the date of the entry of the judgment, order, or decree appealed from." The 10 day period of Rule
6 8002(a) begins to run from the date of the order's entry, not from the date of its service. *See Matter of*
7 *Arbuckle*, 955 F.2d 29, 31 (5th Cir. 1993). Fed.R.Bank.P. 8002(c)(2) provides a narrow exception that
8 allows the time period for filing an appeal to be extended for up to 20 days past the initial 10 day period, as
9 follows:

10 > Extension of Time For Appeal: A request to extend the time for filing a notice of appeal must be
11 > made by written motion filed before the time for filing a notice of appeal has expired, except that
12 > such a motion filed not later than 20 days after the expiration of the time for filing a notice of
13 > appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice
> of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal
> otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion,
> whichever is later.

14 Fed.R.Bank.P. 8002(c)(2). The untimely filing of a notice of appeal is jurisdictional. *In Re Souza*, 795 F.2d
15 855, 857 (9th Cir. 1986).

16 In this case, the Dismissal Order–the order appellant appealed–was entered December 22, 2005.
17 Appellant had ten days, until January 3, 2006, to file the notice of appeal, since January 2, 2006 was a
18 federal holiday. Appellant did not file the appeal until January 18, 2006, well beyond the time required by
19 Fed.R.Bank.P. 8002. Appellant did not qualify for an exception to the time limit under Fed.R.Bank.P.
20 8002(c)(2) because he did not file a motion before the time for filing the notice of appeal had expired, nor
21 did he file such a motion, showing excusable neglect, not later than twenty days after the time for filing the
22 notice of appeal had expired.

23 Because appellant did not timely file a notice of appeal in this case, the court is without jurisdiction
24 to consider the appeal. The court should grant the motion to dismiss, and the appeal should be dismissed.

ORDER
Page - 3

1  Therefore, it is hereby

2  **ORDERED** that Defendant/Appellees Morgan Hill P.C., Robert M. Hill, and Patrick W.
3  Rawnsley's Motion to Dismiss Appeal as Untimely (Dkt. 7) is **GRANTED**.  This appeal is **DISMISSED**
4  **WITH PREJUDICE**.

5  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
6  party appearing *pro se* at said party's last known address.

7  DATED this 17th day of March, 2006.

*Robert J. Bryan* (signature)
Robert J. Bryan
United States District Judge